```
 1  LAW OFFICES OF LIONEL Z. GLANCY
    Lionel Z. Glancy
 2  Peter A. Binkow
    1801 Avenue of the Stars, Suite 308
 3  Los Angeles, CA 90067
 4  310/201-9150
    310/201-9160 fax
 5
    Co-Liaison Counsel for Plaintiffs
 6
    GOODKIND LABATON RUDOFF & SUCHAROW LLP
 7  Jonathan M. Plasse
    Sameer Rastogi
 8  100 Park Avenue, 12th Floor
 9  New York, New York  10017-5563
    Telephone:  (212) 907-0863
10  Facsimile:   (212) 818-0477
11
    Lead Counsel for Plaintiffs
12
13
14          UNITED STATES DISTRICT COURT
15       FOR THE CENTRAL DISTRICT OF CALIFORNIA
16  ROBERT JACOBS, TIFFANY LEWIN,        ) Case No. 97-2139-WJR-(MCx)
    JAMES CAVE, TED HANDEL, MARK         )
17  DURANTE, DAVID LANDRY and            ) Consolidated With:
    SERGIO SMIRIGLIA, individually and on)
18  behalf of all others similarly situated, ) Case No. 97-3045 WJR (MCx)
                                         ) Case No. 97-3196 WJR (MCx)
19      Plaintiffs,                      ) Case No. 97-4086 WJR (MCx)
                                         ) Case No. 97-6886-WJR(MCx)
20      v.                               )
                                         )
21  CRAIG CONSUMER ELECTRONICS,          ) Date:  November 19, 1999
    INC., RICHARD I. BERGER, DONNA       ) Time:  10:00 a.m.
22  RICHARDSON, PETER BEHRENDT,          ) Courtroom: Hon. William J. Rea
    RICHARD MILLER, BERNARD TARAN,       )
23  JAMES KOBLENSKY, THE BOSTON          )
    GROUP, L.P., and ARTHUR ANDERSEN     )
24  LLP,                                 )
                                         )
25      Defendants.                      )
                                         )
26  _____)

27           FINAL JUDGMENT AND ORDER OF DISMISSAL

28
    384894v1
    11/22/99 12:26
```

This matter came on for hearing on November 19, 1999, upon the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement (the "Stipulation") dated as of March 17, 1999. Due and adequate notice having been given to the Settlement Class, and the Court having considered the Stipulation, all papers filed and proceedings held herein and all oral and written comments received regarding the proposed settlement, and having reviewed the entire record in the action, and good cause appearing.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Final Judgment and Order of Dismissal (the "Final Judgment"), adopts all defined terms as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Class Action, the Representative Class Plaintiffs, all Members of the Settlement Class, and the Defendants.

3. The Court finds that the distribution of the Notice of Pendency and Proposed Settlement of Class Actions, Proof of Claim and Release, and publication of the Summary Notice as provided for in the Order Preliminary Approving Settlement and Approving the Form and Manner of Notice constituted the best notice practicable under the circumstances to all Persons within the definition of the Settlement Class, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law.

4. Pursuant to and in accordance with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Court approves the settlement of the above-captioned action set forth in the Stipulation, each of the releases and other terms, as fair, just, reasonable, and adequate as to the Settling Parties. The Settling Parties are directed to perform in accordance with the terms set forth in the Stipulation.

5. Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class, the Litigation and all claims contained therein, including all of the Released Claims against the Released Persons are dismissed with prejudice as to the Representative Class Plaintiffs, all

384894v1
11/22/99 12:26

Members of the Settlement Class. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court has certified a Settlement Class of all persons who purchased the common stock of Craig during the period beginning May 21, 1996 through and including March 10, 1997, inclusive. Excluded from the Settlement Class are the Defendants, officers and directors of Craig during the Settlement Class Period, members of the immediate family of any Individual Defendant, any entity in which any Defendant has a controlling interest, and the legal representatives, heirs, successors and assigns of any such excluded party. Also excluded from the Settlement Class are those persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Actions ("Notice") sent to the Settlement Class Members.

7. With respect to the Settlement Class, this Court finds and concludes that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Representative Class Plaintiffs are typical of the claims of the Settlement Class; (d) in negotiating and entering into the Stipulation, the Representative Class Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Litigation.

8. Upon the Effective Date, the Representative Class Plaintiffs and their

384894v1
11/22/99 12:26

counsel on their own behalf, and on behalf of all other Settlement Class Members, fully, finally, and forever release, relinquish and discharge all Released Claims (including the extinguishment of all claims asserting in the State Court Actions) against each and all of the Released Persons, whether or not a Settlement Class Member executes and delivers the Proof of Claim and Release.

9. Upon the Effective Date, each of the Defendants and their respective counsel shall, and by operation of the Judgment shall, fully, finally, and forever release, relinquish and discharge each of the Representative Class Plaintiffs, the Settlement Class Members, counsel to the Representative Class Plaintiffs, from all claims (whether or not known or suspected) arising out of, relating to, or in connection with the institution, prosecution, assertion or resolution of the Litigation or the Released Claims. Except for the obligations and performance specifically set forth in the Stipulation of Settlement, Defendants hereby release and forever discharge each other (and their respective spouses, attorneys, agents and representatives) from any and all claims, demands, liabilities, obligations, contracts, agreements, causes of action, suits, indemnity, contribution and costs of whatever nature related to the matters alleged or could have been alleged in this Litigation.

10. Only those Settlement Class Members filing valid and timely Proofs of Claim and Release forms shall be entitled to participate in the settlement and receive a distribution from the Settlement Fund. The Proof of Claim and Release to be executed by the Settlement Class Members shall release all Released Claims against the Released Persons. All Settlement Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim and Release.

11. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court,

administrative agency or other tribunal. Released Persons may file the Stipulation and/or the Judgment from the Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction of any theory of claim preclusion or issue preclusion or similar defense or counterclaim. Defendants have denied and continue to deny each and all of the claims alleged in the Litigation. The Representative Class Plaintiffs or any other Member of the Settlement Class may file the Stipulation in any proceeding brought to enforce any of its terms or provisions.

12. Plaintiffs' Settlement Counsel are awarded an aggregate amount of $25,000.00 for attorneys' fees and reimbursement of expenses.

13. No Party or their respective counsel violated any of the requirements of Rule 11 of the Federal Rules of Civil Procedure with respect to any of the complaint filed in this Litigation, any responsive pleading to any of the complaint or any dispositive motion with respect to any of the complaint.

14. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Representative Class Plaintiffs, the Settlement Class and the Released Persons for the purposes of: (a) supervising the implementation, enforcement, construction, and interpretation of the Stipulation, the Plan of Allocation, and this Judgment; (b) hearing and determining any application by Representative Plaintiffs' Counsel for an award of attorneys' fees, costs, and expenses; (c) supervising the distribution of the Settlement Fund; and (d) other matters related or ancillary to the foregoing. The Representative Class Plaintiffs and all Settlement Class Members, whether or not such Class Member has filed a Proof of Claim and Release, are hereby forever restrained and enjoined from prosecuting, pursuing, or litigating any of the Released Claims against any of the Released Persons in this or any other forum.

15. The Court finds that the settlement set forth in the Stipulation is in all respects fair, reasonable and adequate to the Settlement Class, and the Defendants.

16. In the event that the Effective Date does not occur, then this Judgment

shall be rendered null and void and shall be vacated and, in such event, subject to ¶ 8.6 of the Stipulation, all orders entered and releases delivered in connection herewith shall be null and void.

DATED: 11-24-99

_____
THE HONORABLE WILLIAM J. REA
UNITED STATES DISTRICT JUDGE

Submitted by:

Goodkind Labaton Rudoff & Sucharow LLP

_____
Jonathan M. Plasse
Sameer Rastogi

384894v1
11/22/99 12:26

## PROOF OF SERVICE BY MAIL

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On November 22, 1999, I served the following:

1) **FINAL JUDGMENT AND ORDER OF DISMISSAL;**

on the parties shown below by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California.

**SEE SERVICE LIST**

Executed on November 22, 1999, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

_____
Daniel C. Rann    CRAIG

SERVICE LIST

Robert Jacobs v. Craig Consumer Electronics, Inc., et al.
Tiffany Lewin v. Craig Consumer Electronics, Inc., et al.
James Cave v. Craig Consumer Electronics, Inc., et al.
Ted Handel and David Landry v. Craig Consumer Electronics, Inc., et al.
Sergio Smiriglia v. Craig Consumer Electronics, Inc., et al.

For Plaintiffs

GOODKIND, LABATON, RUDOFF & SUCHAROW
Jonathan Plasse
100 Park Avenue
New York, New York  10017

HANZMAN, CRIDEN, KORGE, HERTZBERG & CHAYKIN
Michael E. Criden
200 South Biscayne Boulevard
Miami, Florida  33131

GOODKIND LABATON RUDOFF & SUCHAROW LLP
Emily C. Komlossy
2455 E. Sunrise Blvd.
Suite 813
Ft. Lauderdale, Florida  33304

ABBEY, GARDY & SQUITIERI, LLP
Nancy Kaboolian
212 East 39th Street
New York, New York  10016
Telephone:  (212) 889-3700

CORINBLIT & SELTZER, P.C.
Marc M. Seltzer (54534)
3700 Wilshire Boulevard, Suite 820
Los Angeles, California  90010-3085
Telephone:  (213) 380-4200

FARUQI & FARUQI, LLP
Nadeem Faruqi
415 Madison Avenue, 21st Floor
New York, New York  10017
Telephone:  (212) 490-9550

LAW OFFICES OF CURTIS V. TRINKO
Curtis V. Trinko
310 Madison Avenue, 14th Floor
New York, New York  10016
Telephone:  (212) 490-9550

```
 1  WOLF HALDENSTEIN ADLER FREEMAN
       & HERZ LLP
 2  Fred T. Isquith
    270 Madison Avenue
 3  New York, New York  10016
    Telephone: (212) 545-4600
 4
    BROWNE & WOODS LLP
 5  Allan Browne
    James D. Kozmor
 6  450 N. Roxbury Drive 7th Floor
    Beverly Hills, CA  90210
 7  Telephone:      (310) 274-7100

 8  SIROTA & SIROTA
    Howard Sirota
 9  747 Third Avenue
    New York, New York  10017
10  Phone:     (212) 759-5555

11  BACHNER & GEHN
    Michael F. Bachner
12  805 Third Avenue 9th Floor
    New York, New York 10017
13  Phone:     (212) 888-6560

14
                        For Defendants
15

16  Jeffrey D. Warren
    Squire Sanders Dempsey
17  40 North Central Ave
    Suite 2700
18  Phoenix, Arizona 85004

19  Attorneys For Defendants Craig Consumer Electronics, Inc.
    Richard I. Berger, Donna Richardson, Peter Behrendt, Richard
20  Miller

21
    Phillip Davis
22  Kathleen M. Ratz
    Sheppard, Mullin, Richter & Hampton
23  333 South Hope Avenue
    Forty-Eighth Floor
24  Los Angeles, California  90071

25  Attorneys For Defendant The Boston Group, Inc.

26

27

28
                               2
```

Cliff Fridkis
David L. Wintroub
Wintroub & Fridkis
2040 Avenue of the Stars
Suite 400
Los Angeles, CA  90067-4713

Attorneys for Defendants Bernard Taran and James Koblensky

Miles N. Ruthberg
Latham & Watkins
633 West Fifth Street
Suite 4000
Los Angeles, California  90071

Attorneys for Defendants Arthur Andersen LLP

Cheryl Justice
Gibson, Dunn & Crutcher
333 South Grand Avenue
Los Angeles, California  90071-3197

Attorneys for Defendant Richard D. Miller